IN THE UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


JOHN W. PEROTTI, AND PATRICK    :
J. ROSELLI,                     :
                                :
          Plaintiffs            :
                                :
     v.                         :    CIVIL NO. 3:CV-12-1860
                                :
UNITED STATES OF AMERICA,       :    (Judge Conaboy)
ET AL.,                         :
          Defendants            :
_____
                            **MEMORANDUM**
                            **Background**

    This combined pro se Bivens-type civil rights and Federal Tort Claims Act (FTCA) action was filed by John W. Perotti an inmate presently confined at the United States Penitentiary, Leavenworth, Kansas, (USP-Leavenworth) and Patrick J. Roselli, a former federal inmate presently residing in the State of Florida. Service of the Amended Complaint was previously ordered.

    Named as Defendants are the United States of America (for purposes of the FTCA claim) and seven (7) employees (Warden Daniels, Assistant Warden Johnson, Doctor Gary Allred; Nurses Andreis and Serby, Health Services Administrator Collins, and Physician Assistant Brad Cink) of the United States Penitentiary, Florence, Colorado (USP-Florence).

    Twelve (12) officials including Warden Cozza-Rhodes, ex-Warden Julie Wands, Unit Manager Tucker, Lieutenants Young, Bond, and Martin, Captain Klein, Hill, Quintana, Maditch, and

                                 1

Correctional Officers Sutton and Chapman of the Federal Correctional Institution, Florence, Colorado (FCI-Florence) are also listed as being Defendants.

Plaintiffs are additionally proceeding against Warden David Ebbert, Mail Room Supervisor Trently, and Doctor Walter Dobushek of the Canaan United States Penitentiary, Waymart Pennsylvania (USP-Canaan). Doctor Gary Ulrich, a contract physician at the United States Penitentiary of Terre Haute, Indiana (USP-Terre Haute) is also named as a Defendant

The Amended Complaint raises multiple claims of deliberate indifference to Perotti's medical problems during his prior confinement at USP-Canaan as well as the other listed federal correctional facilities. It is also alleged that the Plaintiffs were prevented from corresponding with one another in violation of their right of access to the courts. The claims do not arise out of the same occurrence and are the most part are unrelated to one another.

The Individual Defendants responded to the Amended Complaint by filing a motion to dismiss or in the alternative for summary judgment. See Doc. 66. Defendant United States of America has filed a separate motion to dismiss or in the alternative for summary judgment. See Doc. 67. Both motions have been opposed and are ripe for consideration.

## Discussion

**Venue**

Both of the pending motions raise improper venue arguments

similarly asserting that almost all of the Plaintiffs' allegations are based upon occurrences which transpired outside of this district and as such are subject to dismissal. Alternatively, both motions ask that those allegations should be transferred to a more appropriate judicial district. See Doc. 78, p. 16.

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to raise the defense of improper venue via submission of a motion. The Bivens portion of the Amended Complaint seeks monetary damages against the Defendants in their individual capacities. See Doc. 7, pp. 3-4. In Micklus v. Carlson, 632 F.2d 227, 240-41 (3d Cir. 1980), the Court of Appeals for the Third Circuit recognized that under Stafford v. Briggs, 444 U.S. 527 (1980), the provisions of 28 U.S.C. § 1391(e)[1] are inapplicable to claims for monetary damages against federal officials when the individual officeholder may be

---

1. § 1391(e) provides in relevant part:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

3

found personally liable.² See also Robinson v. Weiss, Civ. A. 99-3964, 2000 WL 231905 *2-3 (E.D. Pa. Feb. 18, 2000)(venue provisions of § 1391(e) do not apply to actions for money damages against federal officials in their personal capacities).

The pertinent statutory provision concerning the proper federal court in which a Bivens lawsuit may be brought, 28 U.S.C. § 1391(b), provides that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may be otherwise brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

This action is not based upon diversity of citizenship jurisdiction, and it is apparent that with the exception of Defendant Bond, none of the FCI-Florence, USP-Florence, and USP-Terre Haute officials named as Defendants in the Amended Complaint reside within the Commonwealth of Pennsylvania.³ There is nothing

---

2. The Court of Appeals in Micklus explained that if § 1391(e) could be employed in actions for money damages against federal officials individually, such defendants "solely by reason of their government service" would be placed "in a very different posture in personal damage suits from that of all other persons." Id. at 491.

3. The Individual Defendants acknowledge that FCI-Florence
(continued...)

4

to indicate that the FCI-Florence, USP-Florence, and USP-Terre Haute Defendants purposefully directed their activities to Pennsylvania or can otherwise be found in Pennsylvania as contemplated under 28 U.S.C. § 1391(b)(3). Moreover, none of the events giving rise to Plaintiffs' claims against those Defendants occurred in the Middle District of Pennsylvania.

Defendants' pending motions also similarly seek relief under Federal Rule of civil procedure 12(b)(2) on the grounds that this Court lacks personal jurisdiction over all but one of the FCI-Florence, USP-Florence, and USP-Terre Haute Defendants. See Doc. 78, p. 20. There are no facts from which it can be inferred that those Defendants are subject to personal jurisdiction in Pennsylvania. As explained in Trujillo v. Williams, 465 F.3d 1210, 1217-18 (10th Cir. 2006):

> The exercise of jurisdiction over a nonresident defendant comports with due process "'so long as there exists minimum contacts between the defendant and the forum State.'" The minimum contacts necessary for specific personal jurisdiction may not established where the "defendant has 'purposefully directed' its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's contacts with the forum."

There is nothing to indicate that any of the FCI-Florence, USP-Florence, and USP-Terre Haute Defendants (with the exception of Bond) purposefully directed their activities to Pennsylvania or can otherwise be found in Pennsylvania. There is also no suggestion

---

3. (...continued)
Defendant Bond moved to the Commonwealth of Pennsylvania in October 2011 to begin a tour of duty at FCI-Schuylkill. See Doc. 79, ¶ 268.

that Plaintiffs' claims are based upon activities that arise out of or are related to those Defendants' contacts with Pennsylvania.

Since Plaintiffs' pending action seeks compensatory damages against the Individual Defendants in their individual capacities, under the requirements of § 1391(b), Plaintiffs cannot maintain an action against those officials in this Court. See Greer v. Safeway, No. 09-4007, 2009 WL 754769 (10th Cir. March 24, 2009) (affirming sua sponte dismissal of in forma pauperis action where it was clear that defendants were not subject to personal jurisdiction in Utah); Trujillo, 465 F.3d at 1217 (affirming authority of court to dismiss action where absence of personal jurisdiction is obvious).

Consequently, this court agrees with the Defendants' pending respective motions and concurs that venue does not lie in this Court with respect to the claims against the FCI-Florence, USP-Florence, and USP-Terre Haute Defendants.[4]

With respect to the FTCA claim venue is only proper where the plainfiff resides or wherein the act or omission complained of occurred. See 28 U.S.C. § 1402(b). Neither Plaintiff currently resides in Pennsylvania. There is also no idication that either Plaintiff resided in Pennsylvania prior to their respective incarcerations. Accordingly, venue in this Court is improper with

---

4. Both motions also assert that the joinder of the claims raised in the Amended Complaint violates Federal Rule of civil Procedure 20. In light of the Court's decision herein, said argument will not be addressed.

respect to the FTCA claims relating to conduct which transpired at FCI-Florence, USP-Florence, and USP-Terre Haute.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). In accordance with the discussion herein the Court will grant the Defendants' request that the claims against the FCI-Florence, USP-Florence, and USP-Terre Haute Defendants or relating to events which transpired at those facilities be transferred to an appropriate district court.

Specifically, the claims against the FCI-Florence and USP-Florence Individual Defendants as well as the FTCA claims arising out of the Plaintiffs' confinements at those facilities will be transferred to the United States District Court for the District of Colorado pursuant to § 1404(a). In addition the claims against the Individual USP-Terre Haute Defendant and FTCA claims relating to actions which took place at that prison will be transferred to the United States District Court for the Southern District of Indiana pursuant to § 1404(a).

**Amend Complaint**

In light of the decision to transfer the majority of the Plaintiffs' claims and due to the length and recitation of unnecessary factual information set forth in the Amended Complaint, the fair administration of justice would be best served by directing Plaintiffs to submit an amended complaint in this Court solely regarding their claims against the USP-Canaan Individual

7

Defendants and any FTCA claim stemming from confinement in that facility.

With respect to the surviving USP-Canaan related claims,, The amended complaint should provide a brief factually specific description of each surviving alleged unconstitutional or negligent act including the date the mistreatment occurred and identifying by name which USP-Canaan Defendants were involved.

Plaintiffs will be directed to file an amended complaint of no more then twenty-five (25) pages in length, which states each of their surviving claims against the USP-Canaan Defendants in a clear and concise manner; specifically identifies all USP-Canaan Defendants, and states the relief they are seeking. See Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988). The Plaintiffs are advised that in order to state a viable civil rights claim they must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83, cert. denied, 469 U.S. 1019 (1984).

A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989). This is the personal involvement requirement. Civil rights liability may not be imposed on the

principle of respondeat superior.  Capone v. Marinelli, 868 F.2d at 106 (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).

Plaintiffs are also reminded that their Amended Complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the Original or Amended Complaints previously filed in this matter.  The amended complaint should only include Plaintiff's surviving USP-Canaan related claims which should be set forth in short, concise and legible statements. It should specify which actions are alleged as to which USP-Canaan Defendants.  Failure of the Plaintiffs to timely submit an amended complaint which complies with the standards set forth herein or otherwise respond to this Order will result in dismissal of their action for failure to prosecute.  An appropriate Order will enter.

Dated: March 9, 2015

                          S/Richard P. Conaboy
                          RICHARD P. CONABOY
                          United States District Judge