UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOHN W. PEROTTI, *et al.* ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:15-cv-00067-WTL-MJD |
| UNITED STATES OF AMERICA, and DR. ) | |
| DAVID ULRICH, ) | |
| Defendants. ) | |

**Entry Granting the United States' Motion for Summary Judgment**

This action was transferred from the Middle District of Pennsylvania for resolution of two claims, 1) a *Bivens* claim against defendant Gary Ulrich and 2) a Federal Tort Claims Act ("FTCA") claim against the United States. Both of these claims arose out of Perotti's treatment while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute"). The United States seeks resolution of the claim against it through a motion to dismiss or, in the alternative, for summary judgment. The United States argues that because Perotti failed to file suit within six months of the denial of his administrative claim, his FTCA claim is time barred pursuant to 28 U.S.C. § 2401(b).

Because the United States relies on evidence outside the pleadings in its motion, it shall be treated as a motion for summary judgment and not as a motion to dismiss.[1] For the reasons, explained below summary judgment [dkt. 122] is granted in favor of the United States and the claims against it are dismissed with prejudice.

---

[1] In this District it is not unusual for the United States to file Motion to Dismiss or in the Alternative, for Summary Judgment. Counsel for the United States is encouraged to only seek one form of relief except when necessary. "In the alternative" motions create unnecessary complexity for both the court and pro se litigants.

## I. Standard of Review

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The key inquiry, is whether admissible evidence exists to support a plaintiff's claims, not the weight or credibility of that evidence, both of which are assessments reserved to the trier of fact. *See Schacht v. Wis. Dep't of Corrections,* 175 F.3d 497, 504 (7th Cir. 1999). When evaluating this inquiry, the Court must give the non-moving party the benefit of all reasonable inferences from the evidence submitted and resolve "any doubt as to the existence of a genuine issue for trial ... against the moving party." *Celotex,* 477 U.S. at 330.

## II. Material Facts

The Notice of Tort Claim related to the allegations in Perotti's Second Amended Complaint (tort claim number TRT-NCR-2010-1753) was submitted to the BOP on December 29, 2009, and was administratively denied on July 29, 2010. In accordance with 28 U.S.C. § 2401(b), Perotti had to file any civil action related to this Notice of Tort Claim on or before January 29, 2011. He filed this action on September 19, 2012, in the Middle District of Pennsylvania. The case was subsequently transferred to this district for the resolution of the specific claims identified above.

## III. Discussion

The United States argues that this Court lacks jurisdiction over the plaintiff's FTCA claims because this action was filed too late. The United States asserts that where the consent to be sued "is conditioned upon the filing of the suit within a specified period of time, strict compliance with that

condition is a jurisdictional prerequisite." *Dilberti v. United States*, 817 F.2d 1259, 1261 (7th Cir. 1987).

As a preliminary matter, the United States is mistaken in its assertion that this Court lacks jurisdiction over this action because it was untimely filed. As the Supreme Court explained in *United States v. Kwai Fun Wong*, Section 2401(b) of the FTCA is a standard statute of limitations provision that does not deprive a court of jurisdiction. 135 S. Ct. 1625, 1632 (2015). This provision speaks only to a claim's timeliness, not to a court's power. For the reasons explained below, however, the United States is correct that the FTCA claims must be dismissed as time barred.

The applicable statute of limitations for tort actions against the United States is found at 28 U.S.C. § 2401(b) which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Statutes of limitations serve important purposes, including protecting "defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *E.Y. ex rel. Wallace v. United States*, 758 F.3d 861, 867 (7th Cir. 2014) (*quoting United States v. Kubrick*, 444 U.S. 111, 117 (1979)).

Applying § 2401(b), Perotti must have commenced this action within six months after the mailing of the denial of the administrative claim. He did not. Perotti's administrative tort claim was denied on July 29, 2010. Perotti did not file suit until September 2012 – more than two years after his administrative claim was denied, and 20 months too late.

Perotti responded to the United States' motion with three arguments. First, Perotti argues that he has a contract claim against the United States. He states that while he was housed at the USP-Terre Haute, he entered into a Settlement Agreement with the Federal Bureau of Prisons ("BOP"), which

required the BOP to perform a total left knee replacement on him and provide him narcotic pain medication while he awaited the knee replacement. But no contact claim was raised in his pleadings and there is no evidence that a viable contract exists.[2] Accordingly, this argument is summarily rejected.

Second, Perotti argues that this action is not untimely because he filed two other tort claims (TRT-NCR-2011-5849 and TRT-NER-2012-4730) that were administratively denied by BOP during the six months preceding the filing of the Complaint in this action. This argument is rejected because these claims do not allege that Perotti suffered any injury or damage at USP-Terre Haute. See dkt. 131-1 and 131-3. Neither TRT-NCR-2011-5849 nor TRT-NER-2012-47304 are relevant to the allegations in Perotti's Second Amended Complaint because they are not based on Perotti's treatment while he was incarcerated at USP-Terre Haute, and they do nothing to change the fact that Perotti failed to timely take action on the only relevant tort claim – TRT-NCR-2010-1753.

Finally, Perotti argues that the untimeliness of this action should be excused under the doctrine of equitable tolling. Equitable tolling allows a court to pause the running of a limitations statute when a party "has pursued his rights diligently but some extraordinary circumstance" prevents him from meeting a deadline. *Kwai Fun Wong,* 135 S.Ct. at 1631 (*quoting Lozano v. Montoya Alvarez*, 134 S.Ct. 1224, 1231–1232 (2014) and discussing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990)). Perotti argues that through no fault of his own he was unable to sue within the limitation period because he was "bounced from prison to prison" from 2010 through 2012. Dkt. 128 at 4-5. Each time he was transferred his property was packed and shipped and not reissued immediately upon his

---

[2] Perotti asserts that medical records and an administrative remedy request attached to his Second Amended Complaint establish the existence of a "Settlement Agreement." But as the United States points out, the medical records make no reference to any "settlement" whatsoever and the administrative remedy request is merely Perotti's self-serving statement that "the BOP has breached the settlement of the agreement of the 2 administrative remedies settled at USP Terre Haute." (See Docket No. 115-2 at 6.) Neither document could establish the existence of a mutual intent to enter a contract between Perotti and someone who has actual authority to bind the United States.

arrival at the new prison. In reply, the United States points out that the Seventh Circuit has held that transfer between prisons is not an "extraordinary circumstance" that justifies the application of equitable tolling. *Denton v. United States*, 440 F. App'x 498, 502 (7th Cir. 2011). In addition, the fact that Perotti timely filed his tort claim with BOP indicates both that he was aware that his rights had allegedly been violated and that he had access to the mail to file legal documents. This is further emphasized by the fact that between 2010 and 2012, Perotti filed six new federal lawsuits and continued to litigate numerous other suits. See dkts. 131-5 and 131-6.

Perotti simply has not shown that circumstances beyond his control prevented him from filing his civil action related to the allegations in tort claim TRT-NCR-2010-1753 within the statutory time period.

Accordingly, the FTCA claim brought against the United States is **dismissed with prejudice.**

### IV. Conclusion

The motion for summary judgment [dkt. 122] is **granted.** Perotti's FTCA claim is dismissed with prejudice. All claims against the United States are resolved and the **clerk is directed to terminate the United States as a defendant** on the docket. This Entry does not resolve all claims against all parties. Accordingly, partial final judgment shall not enter at this time.

**IT IS SO ORDERED.**

Date:  1/8/16

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN W. PEROTTI
39656-060
GREENVILLE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
GREENVILLE, IL 62246

All Electronically Registered Counsel